# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**DOUGLAS EDWARD BITNER**                                                        **PETITIONER**
**ADC #109995**

**V.**                          **CASE NO. 4:18-CV-913-BD**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                                      **RESPONDENT**

## ORDER

### I. Background:

A Poinsett County, Arkansas jury found petitioner Douglas Edward Bitner guilty of first-degree murder, and on March 5, 1997, the trial court sentenced him to life in prison. (#13-3) On March 31, 1997, Mr. Bitner's counsel filed a notice of appeal and designation of the record; but Mr. Bitner never lodged a record with the Arkansas Supreme Court to perfect his appeal. (#13-4)

On December 10, 2018, Mr. Bitner filed a petition for writ of habeas corpus in this Court. (#1) Reading Mr. Bitner's petition and objections to the Court's earlier recommended disposition liberally, Mr. Bitner claims ineffective assistance of trial counsel for failing to cross-examine witnesses, failing to investigate, failing to prepare for trial, and failing to perfect an appeal. (#1, #6)

Director Kelley responds that Mr. Bitner's claims are barred by the statute of limitations and are procedurally defaulted. (#13) Because Mr. Bitner's habeas petition is barred by the statute of limitations, the Court will not discuss procedural default.[1]

## II. <u>Statute of Limitations:</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year limitations period for a state prisoner to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A). For most habeas cases, the limitations period begins to run from the latter of, "the date on which the judgement became final by the conclusion of direct review or the expiration of the time limit for seeking such review." *Id*.

Mr. Bitner's conviction became final when the time expired for him to seek direct review by lodging a record with the Arkansas Supreme Court. Because he filed his notice of appeal on March 31, 1997, his time for lodging a record expired on June 30, 1997. See ARK. R. APP. P. – CRIM. 4(b) (appellant has 90 days after filing a notice of appeal to lodge the record with the clerk); ARK. R. APP. P. – CRIM. 17 (when a filing deadline falls on a Saturday, Sunday or legal holiday, the deadline will be extended to the next business day). Absent any applicable tolling, the one-year federal statute of limitations expired on June 30, 1998, and his petition (filed on December 10, 2018) was untimely.

A. *Tolling*

The AEDPA provides for tolling during the pendency of a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. §2244(d)(2).

---

[1] The parties have consented to this Court's jurisdiction. (#14)

"A properly filed application is one that meets all of the state's procedural requirements." *McMullan v. Roper*, 599 F.3d 849, 853 (8th Cir. 2010). Further, the limitations period is subject to equitable tolling if a petitioner can show that he pursued his rights diligently, but that extraordinary circumstances stood in his way and prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Neither tolling provision applies in Mr. Bitner's case. On March 31, 1997, his counsel filed a notice of appeal, but Mr. Bitner never lodged a record with the Arkansas Supreme Court to perfect the appeal. Mr. Bitner did not file a motion to file a belated appeal or pursue a petition for post-conviction relief under Arkansas Rule of Criminal Procedure 37.

Because Mr. Bitner failed to comply with the applicable filing requirements to perfect his appeal with the Arkansas Supreme Court, "that is the end of the matter" for purposes of determining whether the appeal was "properly filed" under § 2244(d)(2); and the limitations period was not tolled. *Nelson v. Norris*, 618 F.3d 886, 892 (8th Cir. 2010) (quoting *Pace*, 544 U.S. at 414).

The statute of limitations is subject to equitable tolling in cases where the petitioner can establish that he pursued his rights diligently, but some extraordinary circumstance stood in his way of filing a timely petition. *Pace*, 544 U.S. at 418. Here, Mr. Bitner has not specifically alleged an extraordinary circumstance that prevented him from filing a timely federal habeas petition. Typically, a petitioner's *pro se* status, lack of legal knowledge or legal resources, and confusion about, or miscalculations of, the

limitations period do not constitute extraordinary circumstances warranting equitable tolling. See *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012) (holding that petitioner's *pro se* status or lack of understanding of post-conviction rules does not justify equitable tolling); see also *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004).

Further, Mr. Bitner cannot establish diligence, because he waited more than 20 years after failing to perfect an appeal with the Arkansas Supreme Court, to file his federal habeas petition. *See, Pace*, 544 U.S. at 419 (petitioner who waited five months after the judgment of conviction became final to file his petition was not diligent). Mr. Bitner asserts that his appointed attorney did not properly lodge his appeal, and it appears from the Arkansas Supreme Court docket that is true. (#13-6) But Mr. Bitner did not act diligently to seek relief from the State court or from this Court. His lack of diligence weighs against applying equitable tolling to excuse his untimely petition.

B. *Actual Innocence*

Actual innocence, if proved, also serves as a gateway through which a petitioner may pass to overcome the expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court has cautioned, however, that "tenable actual-innocence gateway pleas are rare," and has held that "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

The actual-innocence exception requires a habeas petitioner to come forward with "new reliable evidence" that was "not available at trial through the exercise of due

4

diligence." *Schlup*, 513 U.S. at 324; *Kidd v. Norman*, 651 F.3d 947, 953 (8th Cir. 2011), *cert. denied*, 568 U.S. 838 (2012). For evidence to be considered new, it must have been both unavailable at trial and also not discoverable through the exercise of due diligence. *Nash v. Russell*, 807 F.3d 892, 899 (8th Cir. 2015) (citing *Amrine v. Bowersox*, 238 F.3d 1023, 1028 (8th Cir. 2001)).

There are problems with Mr. Bitner's claim that he is entitled to an equitable exception to override the statute of limitations on actual-innocence grounds. First, to support his allegation of actual innocence, Mr. Bitner must come forward with reliable evidence—such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. *Kidd v. Norman*, 651 F.3d 947, 951–52 (8th Cir. 2011) (citing *Schlup*, 513 U.S. at 324). Mr. Bitner has not come forward with any reliable evidence to support his claim of actual innocence. His mere assertion of innocence is not enough to meet this burden. (#1 at 2, #6 at 1)

Additionally, in assessing Mr. Bitner's claim of actual innocence, the Court must again consider his lack of diligence. *See McQuiggin*, 569 U.S. 383, 387 (2013) (clarifying that a federal habeas court faced with an actual-innocence gateway claim should count unjustifiable delay, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown). Mr. Bitner does not offer any evidence that he diligently pursued his claims during the more than twenty years that elapsed since he failed to perfect his appeal with the Arkansas Supreme Court.

## III. Certificate of Appealability:

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing § 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Bitner has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Bitner has not provided a basis for the Court to issue a certificate of appealability.

## IV. Conclusion:

Mr. Bitner's petition is time-barred. Accordingly, the petition for writ of habeas corpus (#1) is DENIED and DISMISSED, with prejudice, and a certificate of appealability is DENIED.

IT IS SO ORDERED, this 24th day of April, 2019.

_____
UNITED STATES MAGISTRATE JUDGE